Whitaker, Judge,
delivered the opinion of the court:
This case is before us on appeal from the order of the Indian Claims Commission dismissing the petition filed by John L. Snyder, a member of the Seneca Nation of Indians, presenting the so-called Niagara Eiver claim of.said Nation.
*165 Snyder’s petition was filed on September 1, 1950. The limitation of time upon the filing of such a petition expired on August 13,1951, about a year after his petition was filed. In the interim the Seneca Nation had employed attorneys to represent it and its contract with these attorneys had been approved by the Department of the Interior. Before August 13, 1951, the last date on which a petition could be filed setting up a claim such as the one Snyder presented, these attorneys filed a claim embodying the one filed by him.
Since this petition was filed by attorneys chosen by the Nation to represent it, and since Snyder failed to show authority from the tribe to represent it, the Indian Claims Commission dismissed his petition.
We think this was proper. Of course, an individual, a corporation or a nation is entitled to be represented in court by attorneys of their own choosing. So, when the attorneys they had chosen filed a petition on this claim, this, it would seem, ousted Snyder and his petition.
However, Snyder says it did not, for two reasons: First, he says the Nation gave him a power of attorney to represent it on this claim some ten or fifteen years earlier. But, he admits this power of attorney had been revoked by the Nation. He says he was given no formal notice of its revocation, but he impliedly admitted in argument that he had actual knowledge of it. This was before he filed his petition.
Secondly, he says that as a member of the tribe he was entitled to file and maintain his petition under section 10 of the Indian Claims Commission Act (60 Stat. 1049, 1052), which gives to an individual member of a tribe the right to file a petition on its behalf, if fraud, collusion or laches on the part of the governing body of the tribe is shown to the satisfaction of the Commission. This section is quoted in the note below.[1]
*166 No fraud or collusion is alleged or shown; laches there may have been. The petition by the Nation’s duly appointed attorneys was filed about two days before the expiration of the period of limitation on the filing of such a petition. This was no doubt due to the fact that the contract of these attorneys with plaintiff nation had been approved less than a year before the petitions were filed. At any rate, their petitions were filed before the period of limitation had expired.
If they had not been filed in time, Snyder’s petition might have been allowed to stand; but when the regularly employed attorneys of the tribe did file a petition covering the same claim, then Snyder’s petition had no further standing. This is because the Nation is entitled to be represented by persons of its own choosing.
This would be so, it would seem, independent of the Indian Claims Commission Act, but that Act gives the “tribal organization” “the exclusive privilege of representing such Indians * * Attorneys other than Snyder were employed by the “tribal organization” to represent the Nation. When they filed a claim embodying the one filed by Snyder, this ousted his right to further prosecute his claim.
The Commission’s order dismissing the petition of John L. Snyder and Arline A. Friday is affirmed.
Howell, Judge; MaddeN, Judge; LittletoN, Judge; and JoNes, Chief Judge, concur.

 “Any claim within the provisions of this Act may be presented to the Commission by any member of an Indian tribe, band, or other identifiable group of Indians as the representative of all its members; but wherever any tribal organization exists, recognized by the Secretary of the Interior as having authority to represent such tribe, band, or group, such organization shall be accorded the exclusive privilege of representing such Indians, unless fraud, collusion, or laches on the part of such organization be shown to the satisfaction of the Commission.”